MEMORANDUM **
Mario Roberto Bororing, a native and citizen of Indonesia, petitions for review of *170 the Board of Immigration Appeals’ order affirming an immigration judge’s decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Sael v. Ashcroft, 386 F.3d 922, 924 (9th Cir.2004), and deny the petition for review.
The agency denied Bororing’s asylum claim as time-barred. Bororing does not challenge this finding in his opening brief.
Substantial evidence supports the agency’s finding of no past persecution because Bororing testified that neither he nor his family were harmed before they departed Indonesia, see Hoxha v. Ashcroft, 319 F.3d 1179, 1182 (9th Cir.2003), and Bororing did not demonstrate that the deaths of two distant uncles were part of a “pattern of persecution closely tied to” Bororing, see Wakkary v. Holder, 558 F.3d 1049, 1060 (9th Cir.2009). Furthermore, substantial evidence supports the agency’s finding that even if the disfavored group analysis set forth in Sael applies to ethnic Indonesian Christians, Bororing has not established a clear probability of future persecution. See Hoxha, 319 F.3d at 1184-85. Lastly, the record does not compel the conclusion that Bororing demonstrated a pattern or practice of persecution against Christians in Indonesia. See Lolong v. Gonzales, 484 F.3d 1173, 1180-81 (9th Cir.2007) (en banc). Accordingly, we deny the petition as to withholding of removal.
Substantial evidence also supports the agency’s denial of CAT relief because Bo-roring has not established it is more likely than not that he will be tortured if he returns to Indonesia. See Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir.2006).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.